The judgment is reversed, and the cause remanded.

---

## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. GARNER.

(Court of Civil Appeals of Texas. Texarkana. Feb. 3, 1914. Rehearing Denied Feb. 19, 1914.)

RAILROADS (§ 482*) — ACTIONS FOR INJURIES BY FIRE—SUFFICIENCY OF EVIDENCE.

In an action against a railroad company for damages to property adjoining a railroad, caused by fire, evidence *held* to support findings that the fire spread from one set by defendant's section foreman; that he was negligent in leaving smoldering ends of ties; and that such negligence proximately caused the damages sued for.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1730–1732, 1734–1736; Dec. Dig. § 482.*]

Appeal from District Court, Camp County; R. W. Simpson, Judge.

Action by J. G. Garner against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

The appellee sued for damages occasioned by fire to a portion of his peach orchard through the alleged negligence of the appellant, while burning off grass and other combustible material allowed to accumulate upon its right of way, in failing to guard the fire to prevent its spreading to and injuring appellee's adjacent premises. The appellant answered by general denial, and pleaded contributory negligence on appellee's part in failing to take any steps to put the fire out after learning that it was spreading to his premises. In a trial to the court without a jury, judgment was entered for plaintiff.

It is shown by the evidence that the appellant's railway runs north and south. The appellee is the owner of a tract of land adjoining and running parallel with the right of way of the railway company on the east, on which were growing and fruit-bearing peach trees. On Thursday just prior to Monday, November 11, 1912, appellant was having the grass upon its right of way cut down, and there lay on the right of way a pile of old cross-ties besides dry grass and weeds. On the east side of the roadbed there was a ditch about six feet wide covered with heavy grass, and down in the ditch were strewn several old cross-ties. There was much high dry grass in appellee's orchard and around the peach trees, reaching to appellant's right of way fence. It appears that on Thursday the section foreman, in order to clear the right of way, set fire to the pile of old ties on the roadbed near the track, and the evidence reasonably warrants the conclusion of fact, as involved in the findings of the court, that smouldering ends of old ties remaining on the ground were on the following Monday fanned by a brisk southwest wind into a flame and communicated fire to the grass and ties in the ditch on the right of way, and from there fire rapidly spread into the grass in appellee's orchard, killing 214 and injuring 50 peach trees. The evidence warrants the finding of fact, as made by the court, that the appellant was guilty of negligence proximately causing injury to appellee in failing to guard against and prevent the spread of fire set out by it on its right of way to appellee's premises, as pleaded in the petition, and that appellee was not guilty of contributory negligence, and sustains the amount of damages awarded.

Glass, Estes, King & Buford, of Texarkana, J. M. Burford, of Mt. Pleasant, and E. B. Perkins, of Dallas, for appellant. M. M. Smith, of Pittsburg, for appellee.

LEVY, J. (after stating the facts as above). The first, second, and third assignments of error, presented together, challenge the sufficiency of the evidence to support the findings of fact, as made by the court, that (1) the fire which destroyed the orchard was set out by an employé of appellant's, and (2) that appellant's employés were negligent in not preventing the spread of fire beyond its right of way and to appellee's premises. The evidence sufficiently discloses that on Thursday before the Monday that the injury complained of happened, a stack of old ties on the roadbed was burned in order to clear them from the right of way. And according to the testimony of Boise Cooper, an employé of appellant's engaged in cutting down

grass along the right of way, the stack of old ties on the right of way "were set on fire by the foreman" of the section crew. And from all the facts and circumstances the court was warranted in concluding that the burning of the orchard on Monday following originated in the fire started by the foreman in the burning of the stack of old ties. It appears that when the section crew left the place Thursday, and after the cross-ties were burned, there was left on the ground "a good bed of coals"; same being the ends of the burnt ties. And it appears that the grass on the east side of the track was not wholly burned off on Thursday, but "there was just a little spot left that had not burned on the east side." And the inference of the record is that the spot of dry grass left led to the ditch from near the burnt ties. On Monday morning the witness Cooper, when at work on the right of way, saw grass and weeds on the right of way burning at the point where the old ties were burned, and sent his son to see about it. The witness in this respect testified, as material here, as follows: "I saw the fire when it first started. When I first saw it, it was burning on the right of way, right up on top of the right of way. I suppose, when I seen it, it was as far as from here over there to Mr. Morris' bank from them ties, and the fire was going back north from the pile of ties. A place 100 yards large was burning, going north, before I paid any attention to the fire. * * * It was not in the orchard when I first saw it; it got in the orchard afterwards. I saw the right of way first; then it got in the orchard." There was high and dry grass and weeds in the ditch and extending to the right of way fence, and at and from the fence on appellee's premises there was high, dry grass. There was a brisk wind at the time blowing from the southwest towards the orchard, and the weather was dry. The conclusion is warranted from the circumstances that there were smoldering ends of ties burned on Thursday remaining on the ground that were fanned into a flame that communicated fire to the combustibles in the ditch near by, and from there rapidly spread to the grass and to the fence of appellant and into the grass in the orchard. And there is shown affirmatively an absence of any fact or circumstance pointing to any other cause or origin of the fire. If there were reasonable danger, as it appears, of the communication of fire directly to the orchard of the appellee by igniting the grass and combustibles in the ditch on the right of way, and then spreading to the orchard through the act of the foreman in setting the ties on fire and leaving smoldering ends there, and the consequences arising from such act could reasonably have been foreseen, as it appears, it could not properly be said that there is a failure of evidence here to show negligence

proximately causing the injury. As remarked in the case of Railway Co. v. Cusenberry. 86 Tex. 525, 26 S. W. 43: "A man has a right to start a fire upon his own premises, just as he has a right to set in operation any other dangerous agency, provided the circumstances are such as to show that the act may be done with reasonable safety to the persons or property of others. He must use, in every instance, care commensurate with the danger."

In view of the inflammable grass on the right of way and also in appellee's adjacent orchard, it might be said, in such circumstances, that a person of ordinary prudence would have seen to it that no fire was left in the chunks of cross-ties to be fanned by ordinary and usual wind into a flame and cause the combustibles adjacent to become ignited.

The sixth assignment practically presents the question of insufficiency of evidence to support negligence, and it is overruled.

The seventh assignment is to the point that the amount of $214 allowed by the court is excessive. We conclude that the assignment should be overruled.

The judgment is affirmed.